### WM. HARDIN ET AL v. THE STATE.

*No. 1297.    Decided November 18th, 1896.*

**Scire Facias Bail Bond—Offer to Bribe Judicial Officer.**

A bail bond taken for the appearance of a party to answer a charge of offering to bribe a judicial officer, under provisions of Penal Code, Art. 125, to be sufficient must state, that the bribe was offered with one or the other intents named in the statute. It is not eo nomine an offense to "offer to bribe a judicial officer," and a bail bond so describing the charge recites no offense against the laws of the State, and no legal forfeiture could be taken upon such bond.

APPEAL from the District Court of Fort Bend. Tried below before Hon. T. S. REESE.

Appeal from a judgment final for $200, on a forfeited bail bond. No statement necessary.

*Turner & Barttlingck,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from judgment final on a forfeited bail bond. The bail bond described the offense in these words, "Offering to bribe a judicial officer." This is not an offense, eo nomine, under our statute. This being the case, the elements of the offense must be substantially stated in the bond. This offense is defined by Art. 125, Penal Code, 1895: "The bribe offered must be with intent to influence the officer's act, vote, opinion, decision or judgment on some matter, question, cause or proceeding, which may be then pending or may thereafter by law be brought before such officer in his official capacity or to do any other act, or omit to do any other act in violation of his duty as an officer," etc. To be sufficient, the bond must state that the bribe was offered with one or the other of these intents. This is not

stated in the bond, and hence it fails to show that he is charged with any offense against the laws of the State. No legal forfeiture could be taken on such a bond, as the bond is the basis of the suit. We have not noticed the variance between the names in the bond and those set forth in the writ of scire facias. The bond being fatally defective, this was unnecessary. The judgment is reversed, and the cause ordered dismissed.

*Reversed and Ordered Dismissed.*